Matter of Isidor and Hein.

Plaintiff's attorney claiming that the summons in this court being returnable in six days the practice was regular, while the defendant's attorney claimed that this was a statutory proceeding to bind a joint debtor and must be strictly pursued.

SHEA, *Ch. J.* — The judgment entered by notice, under the sections 375 and 379, against the joint debtor not served with the original summons is irregular; that proceeding is special and the party defendant is entitled to twenty days' notice. The auxiliary judgment must, therefore, be vacated as to him.

No costs awarded it being a new point of practice.

---

## N. Y. COMMON PLEAS.

In the Matter of the Assignment of. MORITZ ISIDOR and FERDINAND HEIN to EDWARD STREGLITZ for the benefit of creditors.

*Assignment — Examination and inspection of books and papers of assignors — when and to what extent such examination will be ordered.*

The creditors have an absolute right to examine into the affairs of the assignors, and for that purpose to inspect their books.

The inspection need not be made by the creditor personally. He may designate some one to make it for him, and it cannot be an objection that the person so designated is an *expert.*

*General Term, May, 1880.*

ON the 22d November, 1879, judge LARREMORE granted an order for the examination of the assignors and assignees and of books and papers upon the petition of numerous creditors whose claims amount to $13,778.15, as verified on the same day, which alleged:

1. A due demand for an inspection of said books, &c.

2. Refusal by the assignee.

Matter of Isidor and Hein.

3. Under advice of his counsel.

4. Because information might be obtained inconvenient to the assignee and assignment.

5. The debts are $133,732.74, of which $56,394.20 are preferred.

6. The assignee preferred for $17, 572 92, and M. L. Streglitz & Sons, his relatives,

for.................... 23, 606 28

Together amounting to .. $41, 179 20

Upon the affidavit of the assignee and his counsel, and on his motion, the order of Mr. justice LARREMORE was, on the 29th day of November, 1879, modified by him, and it is from this order that the present appeal is taken.

There is no substantial variance between the order entered and now appealed from and the order proposed by the assignee.

The order appealed from is as follows :

Upon the petition of Frederick Butterfield and other creditors of said assignors the order made thereon on the 22d day of November, 1879, the notice of motion in behalf of said assignee to modify said order and the affidavits of Siegmund Spingarn and Edward Streglitz in support of such motion, and after hearing Siegmund Spingarn, Esq., of counsel for said assignee, in support of said motion, and Mr. Richard S. Newcombe, of counsel for said petitioning creditors consenting thereto, and proposing this order in lieu of said order of the 22d November, 1879, it is

Ordered that said order of the 22d day of November, 1879, be modified, and in the place and stead thereof it is

Ordered that the petitioning creditors by Frederick Lewis, their agent, have leave to examine the books of account of said assignors before William S. Keiley, Esq., counselor at law, who is hereby appointed referee for the purpose of such inspection being had before him, and for that purpose the

said assignee is hereby directed and required, upon two days' notice, to produce before said referee said books, together with all vouchers and papers connected with the affairs of said assignors which may be necessary for the purpose of such examination, and that such books and vouchers shall be produced for such purpose from time to time until the completion of such examination, and that said Frederick Lewis may make such extracts therefrom as he may desire.

And it is further ordered that said assignors and assignee, and such other person or persons as may be necessary, be and appear before said referee upon such days as he may designate to be then and there examined touching such books and accounts and other matters connected therewith as may seem necessary.

## COURT OF COMMON PLEAS

### IN AND FOR THE CITY AND COUNTY OF NEW YORK.

IN THE MATTER OF THE ASSIGNMENT OF
MORITZ ISIDOR AND FERDINAND
HEIN.

SIR. — Please take notice that Edward Streglitz, the assignee in the above-entitled matter, hereby appeals to the general term of this court from an order entered herein on the 29th day of November, 1879, requiring the production of the books of the firm of Isidor & Hein before William S. Keiley, Esq., referee, for the purposes of inspection, and he hereby appeals from each and every part of said order.

Dated NEW YORK, *December* 10, 1879.

LAUTERBACH & SPINGARN,
*Attorneys for the Assignee.*

*To* NATHANIEL JARVIS, JR., Esq.,
*Clerk of Court of Common Pleas.*

*To* RICHARD S. NEWCOMBE, Esq.,
*Attorney.*

Matter of Isidor and Hein.

*S. Spingarn*, for appellant. The court had no right to grant the order in the manner and form in which it was entered.

The jurisdiction of the court to order the examination of the books is contained in section No. 1 of the general assignment act of 1877, which is as follows :

" The county judge may also, at any time, on petition of any party interested, order the examination of witnesses and the production of any books and papers by any party a witness before him or before a referee appointed by him for such purposes."

The appellant contends that under this section the court can only direct a party or witness to produce the books while such party or witness is under examination, and that such books remain in the custody of the party or witness until the examination is concluded when, in pursuance of said section, they may be directed to be filed in the clerk's office.

The evident intent of the section is to afford a creditor the right to examine the affairs of the debtor, at the same time affording the debtor an opportunity for explanation which an oral examination affords.

As the order is entered it affords the creditor an opportunity for an examination of the books without giving the debtor an equal opportunity for explanation.

The question is novel and the practice has not been adjudicated at a general term of this court. It is conceded that the opportunity for an examination of books can be accorded to a creditor upon a proper petition, but it is claimed that the provisions of this section authorize no different procedure than the ordinary ones where the books of an adverse party are obtained for purposes of examination.

It cannot be claimed that a party obtaining books under a subpœna *duces tecum* would have the right to examine the books of the opposing party without direct questions to the witness producing the books.

Even when a discovery is directed and books and papers

are ordered to be produced for inspection it is done under circumscribed limitations, and the subject-matter sought to be discovered is well defined and the inspection limited accordingly.

As the order now stands there is no limit to the petitioner's right, and he can examine each and every paper and book which the debtors ever used in their business without giving the debtors an opportunity to explain any apparent discrepancies or correct inadvertent errors or mistakes, and the result might be long litigations based upon apparent abstracts from books and papers on their face showing irregularities but capable of rectification and ready explanation by an oral examination.

The power to examine books and papers is an invasion of the rights of an individual, and when allowed in pursuance of law the provisions and safeguards of law should all be observed so as to prevent oppression and injustice.

*Richard S. Newcombe,* for respondent.

I. The petition of the creditors was presented under section 21 of the assignment act, which provides that on the petition of any party interested the county judge may order the examination of witnesses and the production of any books and papers by any party or witness before him, or before a referee appointed by him for such purpose. The order appealed from only so provides.

The affidavit of the assignee, it is true, denies the allegation in the creditors' petition as his reason for permitting an examination of the books; but that statement, though contradicted, read with the fact of preferences having been created to the amount of $41,179.20 in favor of the assignee Streglitz and M. L. Streglitz & Sons was sufficient to justify the order appealed from.

II. Irrespective of the reason assigned it is plain that the assignee refused to allow the books to be examined. He don't deny the refusal, he only says he didn't put it on the

Matter of Isidor and Hein.

ground alleged in the moving papers. He says, in effect, that he took the ground that the creditors had no right to have the books examined by an expert, but that he would give any information in regard to a specific matter. That is not what the creditors want, nor what they have the right under the statute to have. They want to examine into the affairs of the assignors. This they have the right to do fully and unrestrictedly, and it is a breach of duty upon the part of the assignee to prevent their doing it (*Manning* agt. *Stern*, 1 *Abb. N. C.*, 408).

III. The creditors have an absolute right to examine into the affairs of the assignors, and for that purpose to inspect their books (*In re Bryce & Smith*, 56 *How. P. R.*, 359). The inspection need not be made by the creditor personally. He may designate some one to make it for him, and it cannot be an objection that the person is an *expert*.

IV. It is utterly unreasonable for an assignee to refuse a creditor free right to examine into the affairs of the debtor. The assignee is not appointed to protect the debtor or to baffle the creditor. The least a failed debtor can do is to throw open his affairs to the examination of his creditors. If he cannot pay his debts he should at least be willing to let the creditor know why and how the misfortune occurred and what has become of his property; and an assignee who obstructs, or attempts to obstruct, by refusing to allow the creditors the fullest access to the books of the debtor, is recreant to his duty and to the trust in favor of the creditors which has been conferred upon him. The order should be affirmed, with costs.

After argument the general term, VAN BRUNT and J. F. DALY, JJ., affirmed the order of LARREMORE, J.